Sokolove *v.* Hirsch, Appellant.

Argued November 13, 1928. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Philip S. Resnikow,* and with him *Henry W. Balka,* for appellant.—Plaintiff's bill was improperly admitted in evidence: Fulton's Estate, 178 Pa. 78; Laird v. Campbell, 100 Pa. 159. Defendant's book of original entry was improperly excluded: Com. v. Berney, 28 Pa. Superior Ct. 61; Com. v. Hilton, 74 Pa. Superior Ct. 20; Kline v. Gundrum, 11 Pa. 242.

*George A. Sokolove,* for appellee.

OPINION BY TREXLER, J., January 25, 1929:

The plaintiff furnished certain paintings to the defendant. There is no dispute as to this. The defendant says he received them on consignment; the plaintiff claims to have sold them outright. The first assignment is to the admission of a paper which the plaintiff offered. It purports to be an order directing shipment of the paintings, the terms as set out are 2%—10 days, 30 days net, and it is signed by the defendant. As this order blank seems to contain the contract between the parties and shows an outright sale, it certainly was evidence in favor of the plaintiff and he was entitled to have the benefit of it.

The defendant interposed the objection that this was an action on a book account and that he wished to see the original account. The court properly overruled this objection. It is true that this order is attached to the plaintiff's statement and is referred to "as a correct copy of plaintiff's original book of entry," but that evidently is a mistake, but it matters not, for the correctness of the claim as to the amount and kind is not disputed and as stated before, the order was evidence of an outright sale and therefore admissible.

The court was right in refusing to go into former transactions between the parties. Such testimony as was admitted in this regard was properly stricken out, because it had no connection with the present controversy.

The defendant's offer of his book of original entry was properly refused by the court. His books would not have been proper evidence as to the terms of the contract between the parties. We have no record of what was sought to be introduced, but the court held it was a self-serving declaration and not admissible and we have no means of judging the correctness of this ruling.

The judgment is affirmed.